Tazim BHUIYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Michael Chertoff, as Secretary of the U.S. Department of Homeland Security, Julie Myers, as Assistant Secretary of the U.S. Department of Homeland Security, John P. Torres, Director of Detention and Removal Office, Immigration and Customs Enforcement, William Cleary, as Director of the Buffalo, New York Field Office of Immigration and Customs Enforcement, United States Department of Justice, United States Department of Homeland Security, Respondents.

No. 07–1927–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

Lawrence Spivak Esq., The Law Offices of Lawrence Spivak, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Tazim Bhuiyan, a native and citizen of Bangladesh, seeks review of an April 13, 2007 order of the BIA denying his motion to reopen removal proceedings.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*In re Tazim Bhuiyan,* No. A 70 901 157 (B.I.A. Apr. 13, 2007). In an earlier order, dated March 29, 2002, the BIA had summarily dismissed petitioner's appeal from a decision of an immigration judge ("IJ") denying petitioner's application for asylum and withholding of removal, and granting his application for voluntary departure. Petitioner did not seek review of that order. We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a threshold matter, we note that our review is limited to the BIA's denial of petitioner's motion to reopen his removal proceedings. Petitioner did not petition for review of the March 29, 2002 summary dismissal of his appeal; instead, he filed a motion to reopen his proceedings in November 2006, alleging changed country conditions. This Court is, therefore, "precluded from passing on the merits of the underlying exclusion proceedings," and must confine its review to the denial of petitioner's motion to reopen these proceedings. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao,* 265 F.3d at 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Bhuiyan's motion as untimely. The BIA correctly noted in its April 13, 2007 order that the final order in these proceedings was entered in March 2002, and Bhuiyan did not file his motion to reopen until November 2006, well beyond the 90–day filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(c)(i); 8 C.F.R § 1003.2(c)(2).

Moreover, the BIA properly found that Bhuiyan did not establish that he qualified for an exception to the time limitation for motions to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R § 1003.2(c)(3)(ii). The BIA accurately noted that Bhuiyan had indeed presented evidence that the human rights record of the Bangladeshi government "remain[ed] poor and that there [was] continued strife." The documents that Bhuiyan submitted with his motion to reopen state that the Bangladeshi government "continued to commit numerous serious [human rights] abuses," "[v]iolence often resulting in deaths was a pervasive element in the country's politics," and supporters of different political parties "frequently clashed with each other and with police during rallies and demonstrations."

At most, however, Bhuiyan's evidence establishes a *continued* level of unrest in Bangladesh—in spite of any change in ruling parties—not *changed* country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Indeed, Bhuiyan acknowledged that country conditions in Bangladesh were already poor by asserting in his motion to reopen that "serious human rights abuses *continued* unabated" (emphasis added.) Under these circumstances, the BIA appropriately determined that Bhuiyan failed to demonstrate meaningfully changed conditions in Bangladesh excusing the untimely filing of his motion to reopen.

To the extent that Bhuiyan challenges the BIA's refusal to exercise its *sua sponte* authority to reopen proceedings based on his labor certification or his wife's pending asylum application, that argument is be-

yond our review because the decision of the BIA to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (*per curiam*). As such, the BIA's conclusion that Bhuiyan's motion did not meet an exception to the 90–day filing deadline under 8 C.F.R. § 1003.2(c)(3)(ii) was not an abuse of discretion. *Kaur,* 413 F.3d at 233–34. Accordingly, any argument that the BIA violated Bhuiyan's due process rights or abused its discretion when it failed to reopen his removal proceedings is without merit. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")). To the extent Bhuiyan argues that upon his return from Canada he should have been deemed an arriving alien applying for admission, we decline to consider this argument as it was not raised before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118–23 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Bhuiyan's pending motion for a stay of removal in this petition is DISMISSED as moot.